UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES G. WILSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:17-cv-00282-JMS-MJD |
| SUPERINTENDENT Wabash Valley Correctional Facility, | ) ) ) ) |
| Respondent. | ) |

**Entry Discussing Petition for a Writ of Habeas Corpus
and Denying Certificate of Appealability**

For the reasons explained in this Entry, petitioner James Wilson's petition for a writ of habeas corpus must be **denied** and the action **dismissed with prejudice** because it was filed beyond the one-year statute of limitations. In addition, the Court finds that a certificate of appealability should not issue.

## I. Background

Wilson is a state prisoner currently incarcerated at the Wabash Valley Correctional Facility who seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Wilson was convicted of attempted murder by a jury on August 20, 2014, in Marion County court. He is currently serving a forty-year sentence for this crime. On direct appeal, the Indiana Court of Appeals affirmed his conviction and sentence on June 29, 2015. The Indiana Supreme Court denied transfer on October 5, 2015.

On December 9, 2015, Wilson filed a *pro se* motion purporting to be a state petition for habeas corpus relief in the Sullivan Superior Court. The Sullivan Superior Court determined that

Wilson's motion was instead a petition for post-conviction relief and forwarded the petition to the court of conviction, the Marion Superior Court. Post-conviction proceedings were initiated in Marion County on January 7, 2016. On May 17, 2016, Wilson filed a motion to withdraw his post-conviction petition without prejudice. This motion was granted in a margin entry on May 18, 2016. Although he did not reinstate post-conviction proceedings, Wilson filed a second motion to withdraw his post-conviction petition without prejudice on July 19, 2016, and that motion was granted in a margin entry on July 21, 2016.

Wilson has filed for federal habeas relief in this court on at least six prior occasions, with all prior petitions resulting in dismissal without prejudice. He filed the present petition for a writ of habeas corpus on June 15, 2017.

## II. Discussion

Wilson raises four claims: (1) ineffective assistance of counsel at trial and on appeal; (2) a double jeopardy claim; (3) denial of due process; and (4) a general claim based on the "chapter of claims at habeas citebook." The respondent argues that Wilson's claims are barred by the statute of limitations and are procedurally defaulted. Because the statute of limitations bars Wilson's petition, the Court need not address whether his claims are procedurally defaulted.

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). Along with triggering dates not applicable here, "[u]nder 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v.*

*Pollard*, 799 F.3d 889, 894 (7th Cir. 2015).[1] "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

The Indiana Supreme Court denied transfer of Wilson's direct appeal on October 15, 2015. His conviction became final 90 days after this date—that is, the time in which he had to petition for certiorari to the United States Supreme Court—which was January 13, 2016. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) ("[T]he judgment becomes final . . . when the time for pursuing direct review . . . expires."). But because Wilson had already filed a petition for post-conviction relief, the statute of limitations to file a petition for a writ of habeas corpus did not start running. His limitations period remained tolled until his post-conviction petition was dismissed without prejudice—at Wilson's request—on May 18, 2016. Because 393 days passed between the voluntary dismissal of his post-conviction petition and the filing of the present habeas petition, on June 15, 2017, this habeas petition is untimely.

The petition is untimely even if the statute of limitations was tolled when Wilson filed a motion to correct erroneous sentence on October 31, 2016, and a motion to modify his sentence on December 22, 2016. Those motions were pending for a total of only 14 days before the trial court denied them. Even if those motions tolled the statute of limitations, 379 days passed from the time Wilson dismissed his petition for post-conviction relief and he filed this case. The post-judgment motions therefore did not toll the statute of limitations long enough to make the present petition timely. And Wilson's repeated prior petitions for habeas relief did not toll the limitation

---

[1] In his petition, Wilson appears to attempt to invoke another triggering date from 28 U.S.C. § 2244(d)(1)(A), stating generally in his petition that it is based on a "right was new [sic] recognized by supreme court," but he does not identify any alleged new right or when it was recognized.

period. *See Duncan v. Walker*, 533 U.S. 167, 172 (2001) ("a properly filed federal habeas petition does not toll the limitation period").

Wilson has presented a number of filings in this case that appear to be meant to be in support of his habeas petition, but none of those filings addresses the passage of the statute of limitations. This is despite the fact that he was specifically instructed by the Court to file a reply in support of his habeas petition and to focus his reply on the arguments presented by the respondent. Dkt. 17.

In short, Wilson had one year from the time his conviction became final to file this petition for a writ of habeas corpus. That period was tolled while his petition for post-conviction relief was pending and may have been tolled while his post-judgment motions were pending. But he still filed this petition beyond the one-year statute of limitations. It therefore must be **dismissed with prejudice**. *See Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (per curiam).

### III. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). Wilson has encountered the hurdle produced by the one-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore denied with prejudice. Consistent with this ruling, the motion for relief from judgment, dkt. [22], notice of complaint, dkt. [23], and motion for summary judgment, dkt. [25], are all **denied**.

Judgment consistent with this Entry shall now issue.

## IV. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Wilson has failed to show that reasonable jurists would find "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 3/22/2018

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES G. WILSON
139229
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Justin F. Roebel
INDIANA ATTORNEY GENERAL
justin.roebel@atg.in.gov